FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 21 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KAMLAWATTEE PERUMAL,

        Plaintiff,

  -against-

AMERICAN SERVICING COMPANY;
DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Hasco Mortgage
Pass-Through Certificates, Series 2006-HE2; and
JOHN DOE #1 through JOHN DOE #10,

        Defendants.
----------------------------------------------------------------X

**REPORT AND
RECOMMENDATION
10 CV 5772 (DLI)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff filed the instant *pro se* action on December 9, 2010 and the Court granted her request to proceed *in forma pauperis*. While plaintiff has provided a proper service address for defendant American Servicing Company,[1] she has not provided a proper service address for defendant Deutsche Bank National Trust Company ("Deutsche Bank"). The Court directed plaintiff to provide a proper service address for Deutsche Bank twice. As plaintiff has failed to comply with the Court's order,[2] and the time to serve Deutsche Bank has expired, I respectfully recommend that plaintiff's complaint against Deutsche Bank should be dismissed without prejudice under Fed. R. Civ. P. 4(m).

When a *pro se* plaintiff proceeds *in forma pauperis*, she is entitled to rely on the United States Marshal Service to effect service of process. See 28 U.S.C. § 1915(d), Fed. R. Civ. P. 4(c)(3); Romandette v. Weetabix, 807 F.2d 309, 310 n.1 (2d Cir. 1986). However, plaintiff is responsible for identifying the proper defendant and determining the defendant's whereabouts. Additionally, *pro*

---

[1] In lieu of an answer, American Servicing Company filed a motion to dismiss with the requisite Local Rule 12.1 notice. Docket entries # 9, 10. I respectfully recommend that plaintiff be directed to respond to this motion by August 17, 2011.

[2] Plaintiff provided an incorrect address, see docket entries # 5, 6, and then failed to respond to the Court's second order that she provide a correct address, docket entry # 6.

*se* plaintiffs are required to abide by the time limit for service of process set by the Federal Rules. See e.g., Simpson v. Putnam County Nat. Bank of Carmel, 112 F. Supp. 2d 284, 289 (S.D.N.Y. 2000) ("all litigants, including *pro ses,* have an obligation to comply with court orders and with the Federal Rules of Civil Procedure"). Under Rule 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Although plaintiff filed her complaint over seven months ago, she has not provided a proper service address for defendant Deutsche Bank and has failed to respond to the Court's most recent order to do so. Docket entry # 6. Accordingly, I respectfully recommend that plaintiff's complaint against defendant Deutsche Bank be dismissed without prejudice.

## CONCLUSION

It is respectfully recommended that plaintiff's complaint should be dismissed against Deutsche Bank National Trust Company without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

_____
LOIS BLOOM
United States Magistrate Judge

Dated: July 20, 2011
Brooklyn, New York