UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KAMLAWATTEE PERUMAL, *pro se*,          :
                                        :
                 Plaintiff,             :
                                        :
           -against-                    :      **SUMMARY ORDER**
                                        :      10-CV-5772 (DLI)(LB)
AMERICAN SERVICING COMPANY,             :
JOHN DOE #1 through JOHN DOE #10,       :
                                        :
                 Defendants.            :
----------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] Plaintiff Kamlawattee Perumal brought the instant complaint against defendants American Servicing Company, Deutsche Bank National Trust Company[2] and John Doe #1 through John Doe #10, alleging that the defendants: (i) participated in fraudulent and predatory activities with regard to Plaintiff's mortgage; (ii) participated in a conspiracy to commit fraud, misrepresentation and violation of law "by issuing a toxic mortgage under false pretext with a high interest rate absent the acknowledgment of the plaintiff for the purpose of unjust enrichment and greed;" and (iii) improperly failed to provide a death clause for continued payments on the mortgage loan at issue, which warrants immediate discharge of the mortgage and possessory rights of the home in favor of Plaintiff. (Docket Entry No. 1 ("Compl.") at 5.) Defendant American Servicing Company ("ASC") now moves to dismiss the complaint pursuant to Federal

---

[1] In reviewing plaintiff's petition, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

[2] By Order dated October 6, 2011 adopting the Report and Recommendation of the magistrate judge, the action was dismissed against defendant Deutsche Bank National Trust Company, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

1

Rules of Civil Procedure 12(b)(1) and 12(b)(6). Despite the court's explicit instruction to Plaintiff to respond to ASC's motion to dismiss, Plaintiff has not responded to date. (*See* October 6, 2011 Order.) Thus, ASC's motion to dismiss is deemed unopposed. For the reasons set forth below, the complaint is dismissed, without prejudice, for lack of subject matter jurisdiction, and Plaintiff is granted leave to amend the complaint to state a basis for subject matter jurisdiction.

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F. 3d 56, 62 (2d Cir. 2009) (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331 or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Petway v. N.Y.C. Transit Auth.*, 2010 WL 1438774, at *2 (E.D.N.Y. Apr. 7, 2010), *aff'd*, 2011 WL 6157000 (2d Cir. 2011). "A plaintiff properly invokes [Section] 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

Plaintiff contends the court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. (Compl. at 1.) However, she fails to provide a colorable claim arising under federal law. Although Plaintiff states that she seeks relief pursuant to 28 U.S.C. §§ 2201 and 2202 (*see* Compl. at 1), those statutes merely set forth remedies available to a plaintiff and are insufficient to warrant subject matter jurisdiction in this court. *See Colabella v. Am. Inst. of Certified Pub. Accountants*, 2011 WL 4532132, at *21 (E.D.N.Y. Sept. 28, 2011) (28 U.S.C. §§ 2201 and 2202

"provide[] only [ ] federal remed[ies], not [ ] federal claim[s], so [they] can only be applied in cases in which there is an independent basis for the exercise of federal subject-matter jurisdiction") (citation omitted); *Faraldo v. Kessler*, 2008 WL 216608, at *6 (E.D.N.Y. Jan. 23, 2008) ("the Declaratory Judgment Act, 28 U.S.C. § 2201 . . . merely enlarged the range of remedies available in federal court and does not create an independent ground for subject-matter jurisdiction.") (citations omitted).

While Plaintiff also purports to bring this action pursuant to 42 U.S.C. § 1983, she does not raise Section 1983 other than in the initial paragraph of her complaint, (*see* Compl. at 1), and does not even attempt to allege the essential elements of a proper Section 1983 claim. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988) ("To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.") (citation omitted). The court agrees with ASC that "Plaintiff cannot create a federal question simply by inserting a reference to a federal statute in her pleading." (ASC's Memorandum of Law in Support of its Motion to Dismiss ("ASC Mem.") at 5); *see also Arbaugh*, 546 U.S. at 513 n.10 ("A claim invoking federal-question jurisdiction under 28 U.S.C. 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'") (citations and internal quotation marks omitted). Thus, as Plaintiff merely cites Section 1983 without anything more, it is insufficient to confer subject matter jurisdiction on the court.[3]

---

[3] Even if Plaintiff did intend to make a Section 1983 claim, the complaint fails to state a claim pursuant to Section 1983, thus, her Section 1983 claim would be dismissed with prejudice.

Accordingly, Plaintiff's complaint is dismissed in its entirety[4] for lack of subject matter jurisdiction.[5]  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh*, 546 U.S. at 514 ("when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").  As it appears from the circumstances of this case that Plaintiff would not be able to make out a federal claim, her complaint is dismissed with prejudice in this court, but without prejudice to file a claim in the state or bankruptcy courts.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       February 2, 2012

/s/
DORA L. IRIZARRY
United States District Judge

---

[4] Although only American Servicing Company brought the instant motion to dismiss, the court may *sua sponte* dismiss a complaint at any time for lack of subject matter jurisdiction.  Thus, it dismisses the complaint as to John Doe #1 through John Doe #10 for the reasons stated in this Summary Order.  *See Dupont*, 565 F. 3d at 62-63 ("If subject matter jurisdiction is lacking . . . the court has the duty to dismiss the action *sua sponte*.").

[5] Although Plaintiff alleges damages over the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, (*see* Compl. at 6), she fails to allege the citizenship of any of the parties and, thus, the court may not exercise federal subject matter jurisdiction based on diversity.  *See Advani Enters. Inc. v. Underwriters at Lloyd's*, 140 F. 3d 157, 160 (2d Cir. 1998).